

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-12-00254-CR

---

BRANDY LYNN SALAZAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A14684-0210; Honorable Robert W. Kinkaid Jr., Presiding

---

July 17, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

In 2003, Appellant, Brandy Lynn Salazar, was granted deferred adjudication for injury to a child[1] and placed on community supervision for seven years, later extended for an additional three years. In April 2012, the State moved to proceed with an adjudication of guilt alleging that Appellant had violated the terms and conditions of her

---

[1]TEX. PENAL CODE ANN. § 22.04(a) (WEST SUPP. 2012). Appellant was indicted for intentionally or knowingly causing serious bodily injury to a child younger than 15 years of age, by hitting her head against a bathtub, making the offense a first degree felony. TEX. PENAL CODE ANN. § 22.04 (e) (WEST SUPP. 2012).

community supervision.  At a hearing on the motion to adjudicate, Appellant entered pleas of true to three of five allegations.  Notwithstanding testimony that Appellant was a "good probationer," the trial court found she violated four of the five conditions of community supervision alleged by the State, adjudicated her guilty and proceeded to the sentencing phase.  Appellant was the only witness to testify.  The State argued for a sentence of twenty years and defense counsel asked for either reinstating Appellant on community supervision or a sentence on the lower end of the range of punishment.  The trial court proceeded to sentence Appellant to thirty years confinement and a $10,000 fine.  In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous.  *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of her right to file a *pro se* response if she desired to do so, and (3) informing her of her right to file a *pro se* petition for discretionary review.  *In re*

---

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

*Schulman*, 252 S.W.3d at 408.[3]  By letter, this Court granted Appellant an opportunity to exercise her right to file a response to counsel's brief, should she be so inclined.  *Id.* at 409 n.23.  Appellant did file a response.  The State did not favor us with a brief.

We review an appeal from a trial court's order adjudicating guilt in the same manner as a revocation hearing.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2012).  When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion.  *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983).  In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993).  If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494.  In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979).  Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order.  *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

---

[3]Notwithstanding that Appellant was informed of her right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

By the *Anders* brief, counsel does not raise any arguable issues to present to this Court and acknowledges that Appellant's sentence is within the range permitted by statute. He concludes there is nothing in the record to support reversible error. Additionally, Appellant's plea of true to three of the five allegations, standing alone, suffices to support the revocation order. *Moses*, 590 S.W.2d at 470.

Where, as here, we have an *Anders* brief by counsel and a *pro se* response by Appellant, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief those issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991)).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record, counsel's brief and Appellant's *pro se* response, we agree with counsel that there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

**CONCLUSION**

The judgment is affirmed and counsel's motion to withdraw is granted.


Patrick A. Pirtle
Justice


Do not publish.